UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK



ALBERT C. OWENS,

                                      Plaintiff,        18-CV-6027
                                                              ORDER

v.

COMMISSIONER OF SOCIAL SECURITY,

                                      Defendant.

Presently before the Court is an application by plaintiff Albert Owens for appointment of counsel. ECF No. 16. Plaintiff asserts that the appointment is necessary because of the complexities of his legal action, the need to provide legal defense against defendant's dispositive motion, and his inability to afford legal counsel. *Id.* For the reasons that follow, plaintiff's motion is **denied without prejudice to renew.**

Unlike most criminal defendants, civil litigants do not have a constitutional right to *pro bono* counsel. *Burgos v. Hopkins*, 14 F.3d 787, 789 (2d Cir. 1994). However, the court has the discretion to appoint counsel pursuant to 28 U.S.C. § 1915(e) when deemed appropriate. *Sears, Roebuck & Co. v. Charles W. Sears Real Estate, Inc.*, 865 F.2d 22, 23 (2d Cir. 1988). In deciding whether appointment of counsel is appropriate, the Court should follow the standards outlined by the Second Circuit in *Hodge v. Police Officers*:

> [T]he district judge should first determine whether the indigent's position seems likely to be of substance. If the claim meets this threshold requirement, the court should then consider the indigent's ability to investigate the crucial facts, whether conflicting evidence implicating the need for cross-examination will be the major proof presented to the fact finder, the indigent's ability to present the case, the complexity of the legal issues, and any special reason in the case why appointment of counsel would be more likely to lead to a just determination.

802 F.2d, 58, 61-62 (2d Cir. 1986).

Applying these factors to the instant case, this Court finds that the appointment of counsel is unwarranted at this time. For purposes of this application, the Court will assume, without deciding, that the case may be of substance. The record of administrative proceedings demonstrates that plaintiff can litigate this matter unassisted. For instance, following the unfavorable decision received from the Commissioner, plaintiff submitted additional medical evidence to the Appeal Counsel along with several detailed post-hearing statements arguing against defendant's denial of benefits. Now, plaintiff is seeking review of a decision of the Commissioner, which is not overly complex or novel. *Foggie ex rel. Geronimo v. Comm'r of Soc. Sec.*, 243 F. Supp. 2d 2, 4 (S.D.N.Y. 2003). He was able to properly present his claims in his complaint and articulate the request for assignment of counsel concisely and with clarity. Additionally, plaintiff has demonstrated an ability to bring his claim to the attention of attorneys. *MacLeay v. Comm'r of Soc. Sec.*, No. 08-CV-766S, 2010 WL 276273, at *1 (W.D.N.Y. Jan. 18, 2010) (motion to appoint counsel was denied after plaintiff sought legal assistance from several attorneys). Therefore, it does not appear that plaintiff will be unable to provide opposition to defendant's motion for judgment on the pleadings. Thus, based on the existing record in this case, appointment of counsel is unwarranted at this time.

## Conclusion

For the foregoing reasons, plaintiff's motion for appointment of counsel (ECF No. 16) is denied without prejudice to renew.

**IT IS SO ORDERED.**

Dated: July 31, 2019
Rochester, New York

HON. FRANK P. GERACI, JR.
Chief Judge
United States District Court