UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

ALBERT C. OWENS,

          Plaintiff,  18-CV-6027
                ORDER
  v.

COMMISSIONER OF SOCIAL SECURITY,

          Defendant.

  Presently before the Court is plaintiff's second application for appointment of counsel. ECF No. 19. Plaintiff asserts that the appointment is necessary because of the complexities of his legal action, the need to provide legal defense against defendant's dispositive motion, and his inability to represent himself or afford legal counsel. *Id.* For the reasons that follow, plaintiff's motion is **denied without prejudice to renew.**

  Unlike most criminal defendants, civil litigants do not have a constitutional right to *pro bono* counsel. *Burgos v. Hopkins*, 14 F.3d 787, 789 (2d Cir. 1994). However, the court has the discretion to appoint counsel pursuant to 28 U.S.C. § 1915(e) when deemed appropriate. *Sears, Roebuck & Co. v. Charles W. Sears Real Estate, Inc.*, 865 F.2d 22, 23 (2d Cir. 1988). In deciding whether appointment of counsel is appropriate, the Court should follow the standards outlined by the Second Circuit in *Hodge v. Police Officers*:

> [T]he district judge should first determine whether the indigent's position seems likely to be of substance. If the claim meets this threshold requirement, the court should then consider the indigent's ability to investigate the crucial facts, whether conflicting evidence implicating the need for cross-examination will be the major proof presented to the fact finder, the indigent's ability to present the case, the complexity of the legal issues, and any special reason in the case why appointment of counsel would be more likely to lead to a just determination.

802 F.2d, 58, 61-62 (2d Cir. 1986).

Applying these factors to the instant case, this Court finds that the appointment of counsel is unwarranted at this time. For purposes of this application, the Court will assume, without deciding, that the case may be of substance. The Court has previously determined that the record of administrative proceedings demonstrated that plaintiff can litigate this matter unassisted because he submitted additional medical evidence to the Appeal Counsel along with several detailed post-hearing statements arguing against defendant's denial of benefits. It also has previously decided that the decision of the Commissioner is not overly complex or novel. *Foggie ex rel. Geronimo v. Comm'r of Soc. Sec.*, 243 F. Supp. 2d 2, 4 (S.D.N.Y. 2003). Plaintiff has been able to effectively litigate this action by properly presenting his claims in his complaint and articulating his request for assignment of counsel concisely and with clarity in his previous motion for appointment of counsel (ECF No. 16) as well as his current application (ECF No. 19). *Lauro v. Comm'r of Soc. Sec.*, 6:12-CV-912 (MAD/DEP), 2012 WL12929879 (N.D.N.Y. Dec.18, 2012). Therefore, plaintiff's current application does not provide for any specific changed circumstances that would allow this Court to determine that he will be unable to provide opposition to defendant's motion for judgment on the pleadings. *Id.* Thus, based on the existing record in this case, appointment of counsel is unwarranted at this time.

Additionally, on January 31, 2019, this Court issued an Order to Show Cause requesting that plaintiff submit an explanation as to why this case should not be dismissed for failure to adhere to the dispositive motion deadline because he had failed to file a dispositive motion pursuant to Local Rule of Civil Procedure 5.5.[1] ECF No. 18. The Court provided plaintiff until March 4, 2019 to submit his written affidavit. *Id*. Plaintiff did not comply with the Order, and instead,

---

[1] Pursuant to Local Rule of Civil Procedure 5.5 dispositive motions from both parties are to be filed within 60 days of the filing of the administrative transcript. *See* Loc. R. Civ. P. 5.5(c). Defendant complied with the rule on August 13, 2018. ECF No. 15.

renewed his motion to appoint counsel asking for proper paperwork to proceed with his case. ECF No. 19. Plaintiff is reminded of his continuous responsibility to adhere to this Court's orders and is now given until **April 25, 2019** to file his dipositive motion pursuant to Local Rule of Civil Procedure 5.5. The Clerk's Office is directed to provide plaintiff with a copy of Local Rule 5.5. If plaintiff does not comply with this order, the Court will dismiss this action with prejudice. *See* Fed. R. Civ. P. 41(b).

## Conclusion

For the foregoing reasons, plaintiff's motion for appointment of counsel (ECF No. 19) is **denied** without prejudice to renew. Plaintiff has until **April 25, 2019** to file his dispositive motion pursuant to Local Rule of Civil Procedure 5.5.

**IT IS SO ORDERED.**

Dated: March 26, 2019
      Rochester, New York

HON. FRANK P. GERACI, JR.
Chief Judge
United States District Court