UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
_____

ALBERT C. OWENS,

                                                Plaintiff,              Case # 18-CV-6027-FPG

v.                                                                       DECISION AND ORDER

COMMISSIONER OF SOCIAL SECURITY,

                                                Defendant.
_____

## INTRODUCTION

*Pro se* Plaintiff Albert C. Owens brings this appeal seeking review of Defendant's denial of his application for disability insurance benefits (DIB). Plaintiff applied for DIB under Title II of the Social Security Act on December 5, 2014. Tr.[1] 663. After his claims were initially denied, he testified at a hearing before Administrative Law Judge John D. McNamee-Alemany (the ALJ) on February 1, 2017. Tr. 502. The ALJ issued a decision finding Plaintiff not disabled on March 2, 2017. Tr. 502-11. On November 6, 2017, the Appeals Council declined to review the ALJ's decision, thereby rendering it the Commissioner's final decision. Tr. 3-6.

Plaintiff appealed the decision to this Court.[2] ECF No. 1. Both parties have moved for judgment on the pleadings under Federal Rule of Civil Procedure 12(c). ECF Nos. 15, 21. Plaintiff has also moved the Court to appoint counsel for him. ECF No. 21. For the following reasons, the Commissioner's motion is DENIED, Plaintiff's motion for judgment on the pleadings is GRANTED, and his motion to appoint counsel is DENIED AS MOOT.

---

[1] "Tr." refers to the administrative record in this matter.

[2] The Court has jurisdiction over this action under 42 U.S.C. §§ 405(g), 1383(c).

## BACKGROUND

Plaintiff alleges disability beginning on December 14, 2011, based on a variety of conditions of which only one is relevant: chronic obstructive pulmonary disease (COPD). Tr. 504.

While conducting the requisite five-step analysis[3] regarding Plaintiff's alleged disabilities, the ALJ considered Plaintiff's diagnosed COPD and the medical documents Plaintiff provided in support of his claim. He concluded that Plaintiff's COPD was not disabling because (1) the record contained no pulmonary function test[4] (PFT) results to support his COPD diagnosis, (2) Plaintiff denied experiencing symptoms of COPD on three separate occasions within the relevant period, and (3) Plaintiff's respiratory symptoms were "insignificant" because he smoked one-to-two packs of cigarettes per day. Tr. 507.

The record provides a more complex picture of Plaintiff's COPD symptoms during the relevant period. On four occasions, Plaintiff denied that he was coughing, wheezing, or experiencing shortness of breath or difficulty breathing. Tr. 1001-02, 1007, 1038, 1073. And a healthcare provider opined that Plaintiff's breathing sounded clear in each lung once. Tr. 971. But the remaining parts of the record that touch on Plaintiff's COPD show him experiencing significant, and sometimes severe, symptoms. On eight separate occasions, he complained of or exhibited the following symptoms: difficulty breathing or shortness of breath; wheezing; coughing; producing sputum; feeling faint; passing out; and lethargy. Tr. 968, 970, 974-75, 1018, 1065-67, 1075-77, 1085-86, 1090-91. Twice—in July and August 2016—a provider performing a physical examination noted that Plaintiff's breathing sounded restricted. Tr. 1086, 1091.

---

[3] This determines whether a claimant is disabled and, therefore, entitled to benefits. 20 C.F.R. §§ 404.1520(a)(4), 416.930(a)(4).

[4] Generally, PFTs indicate how well an individual's respiratory system is functioning. *Wilson v. Colvin*, 107 F. Supp. 3d 387, 404-07 (S.D.N.Y. 2015).

**DISCUSSION**

Because Plaintiff is proceeding *pro se*, the Court construes his submissions liberally as it must. *Daniels ex rel. D.M.G. v. Comm'r Soc. Sec.*, No. 17cv01768 (DF), 2018 WL 5019746, at *1 n.1 (S.D.N.Y. Sept. 30, 2018). Plaintiff makes a variety of arguments, but the Court considers only one here: that the ALJ improperly found him not disabled because Plaintiff did not submit PFT results. ECF No. 21 at 3-4. The Court construes this as an argument that the ALJ failed to develop the record. The Court agrees.

It is well established within the Second Circuit that ALJs have a duty to develop the record due to the "non-adversarial nature" of SSA proceedings. *Wilson v. Colvin*, 107 F. Supp. 3d 387, 403 (S.D.N.Y. 2015) (citation omitted). The duty is heightened when a claimant proceeds *pro se* and it compels the ALJ to develop facts and arguments for and against a disability finding. *Id.* (citations omitted).

The duty is enhanced further when medical evidence is inconclusive since it will be unclear on appeal whether the ALJ's conclusions are supported by substantial evidence. *Wilson*, 107 F. Supp. 3d at 406-07 (finding the ALJ failed to develop the record where PFT results were inconclusive as to the severity of plaintiff's COPD); *contra Cainglit v. Barnhart*, 85 F. App'x 71, 76-77 (10th Cir. 2003) (concluding the ALJ was not obligated to order PFTs or develop the record where examinations in the record were sufficient to support the ALJ's conclusions).

Here, the ALJ's conclusions regarding Plaintiff's COPD are not supported by substantial evidence. Plaintiff's medical records are at least inconclusive as to the severity of his COPD. If anything, Plaintiff exhibited symptoms of COPD on more occasions than he did not, which, contrary to the ALJ's conclusions, shows that he was experiencing significant COPD symptoms during the relevant period.

In any case, the ALJ's duty to develop the record was triggered by the inconclusiveness of the medical record as to Plaintiff's COPD. Stated simply, there are too many indications of COPD in Plaintiff's medical records to determine that his symptoms were insignificant. The ALJ should have considered the symptoms instead of ignoring them and, based on them, sought a consultative examination of Plaintiff, preferably with a PFT. The ALJ even acknowledged the deficiency of the record by noting that "there is no evidence of [PFTs in the record] to establish the bases for [Plaintiff's COPD] diagnoses." Tr. 507. Failing to develop the record in this context was a legal error that requires remand. *See Wilson*, 107 F. Supp. 3d at 406-07. On remand, the Commissioner is directed to develop the record more fully as to the severity of Plaintiff's COPD.

Finally, because the Court is remanding this case, the Court denies Plaintiff's Motion to Appoint Counsel as moot.

## CONCLUSION

For the foregoing reasons, the Commissioner's Motion for Judgment on the Pleadings, ECF No. 15, is DENIED, Plaintiff's Motion for Judgment on the Pleadings, ECF No. 21, is GRANTED, his Motion to Appoint Counsel, ECF No. 21, is DENIED AS MOOT, and this matter is REMANDED to the Commissioner for further administrative proceedings consistent with this opinion pursuant to sentence four of 42 U.S.C. § 405(g). *See Curry v. Apfel,* 209 F.3d 117, 124 (2d Cir. 2000). The Clerk of Court is directed to enter judgment and close this case.

IT IS SO ORDERED.

Dated: August 16, 2019
      Rochester, New York

_____
HON. FRANK P. GERACI, JR.
Chief Judge
United States District Court